UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CAMBRIDGE MEDICAL, P.C.,

      Plaintiff,

   -against-

ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY, and
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendants-
      Third Party Plaintiffs,

   -against-

PINE HOLLOW MEDICAL, P.C., et. al,

      Third Party Defendants.

----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 1 6 2012 ★
LONG ISLAND OFFICE

MEMORANDUM AND ORDER
CV 11-4044

(Wexler, J.)

Hoffman Polland & Furman PLLC
By: Mark L. Furman, Esq.
220 East 42nd Street
Suite 435
New York, NY 10017
Attorneys for Plaintiff and Third Party Defendants
Pine Hollow Medical, P.C., Mark J. Levitan, Eileen S. Debbi, M.D., Nicholas M. Jones, D.O.,
Scott A. Jones, D.O. and Alexandra Perkins, M.D.

Catalano Gallardo & Petropoulos, LLP
By: Theodore F. Goralski, Esq.
100 Jericho Quadrangle Suite 326
Jericho, NY 11753
Attorneys for Plaintiff

Frank & Associates, P.C.

1

By: Scott J Laird , Esq.
500 Bi-county Blvd Suite 112n
Farmingdale, NY 11735
Attorneys for Plaintiff

Short & Billy, PC
By: Randall K. Roonan, Skip Short, Esq., Esq. Mark A. Puleo, Esq.
217 Broadway Suite 300
New York, NY 10007
Attorneys for Defendants-Third Party Plaintiffs

Abrams Fensterman Fensterman Eisman Greenberg Formato
& Einiger, LLP
By: Alfredo F. Mendez, Esq.
630 Third Avenue,5th Floor
New York, NY 10017
Attorneys for Third-Party Defendants F. Scott Nowakowski

Kenneth C. Henry Jr., P.C.
By: Kenneth C. Henry , Jr. Esq.
900 Merchant Concourse Suite 303
Westbury, NY 11590
Attorneys for Third-Party Remaining Defendants

WEXLER, District Judge

This case was commenced in the Supreme Court of the State of New York, County of Nassau and was thereafter removed pursuant to this court's diversity jurisdiction. In the removed action, Plaintiff Cambridge Medical, P.C. ("Cambridge") seeks to recover insurance payments for services rendered that are allegedly due from the Defendant Allstate-related insurance companies. (collectively "Allstate" or the "Insurance Company"). Cambridge also seeks declaratory relief with regard to services rendered, as discussed below. After removal, Allstate commenced a third-party action naming Cambridge and a variety of medical services providers consisting of a group of physicians, chiropractors and professional corporations as third-party defendants. The third-party complaint alleges, inter alia, fraud and racketeering claims. Presently before the court are two

2

separate motions made by third-party defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. One motion, brought by the third-party defendant chiropractors, seeks dismissal of claims alleging the violation of Section 238-a of the New York State Public Health Law ("Section 238-a"), as set forth in Allstate's eighth and thirteenth causes of action. The second motion, brought by Cambridge and its associated third-party defendants, seeks dismissal on the same ground set forth in the chiropractor's motion and, setting forth additional grounds, seeks dismissal of the entire third-party complaint. For the reasons set forth below, both motions are denied.

## BACKGROUND

I. The Parties and the Allegations of the Complaint

Plaintiff Cambridge is a New York State Professional Corporation with its principle place of business in Melville, New York. In its complaint, Cambridge alleges that it has submitted bills for services rendered to individuals insured by Allstate since 2006, and that Allstate has continually and wrongfully denied payment.

Cambridge's first cause of action alleges that it has properly rendered services to victims of automobile accidents and is entitled to payment pursuant to New York State's No-Fault Insurance Law. It is alleged that Allstate has taken the same meritless position with respect to payment of each of the several individual bills submitted, and that Cambridge is entitled to payment of fees amounting to approximately $400,000. Plaintiff's second cause of action seeks attorneys' fees incurred in connection with its efforts to collect payment. The third through sixth causes of action seek judgment declaring, inter alia, that Cambridge is a properly licensed medical services provider with standing to bill for the services of its physician-employees, and that the services rendered

3

were medically necessary and billed at the proper rates.

II.     The Third-Party Complaint

As noted, after removal, Allstate commenced a third-party action. Allstate names as third-party defendants Cambridge and Pine Hollow Medical, P.C. a corporation that, like Cambridge performed diagnostic tests ("Pine Hollow"). Additionally, Allstate names sixteen individual medical providers (physicians and chiropractors), and five professional corporations as third-party defendants. Certain of the third party defendants are physicians and chiropractors who have been affiliated with Cambridge and Pine Hollow and are referred to herein as the "Cambridge Parties." The remaining third-party defendants are chiropractors and associated professional corporations that have made referrals to Cambridge or Pine Hollow, and are referred to herein as the "Chiropractors." The Chiropractors are affiliated with several different health care providers located in the counties of Suffolk and Nassau, as well as in Brooklyn, Staten Island, Queens and the Bronx.

The third-party complaint refers to the alleged wide-spread fraud that has been perpetrated on insurance companies like Allstate, and the citizens of the State of New York by those who have abused the New York State Comprehensive Motor Vehicle Insurance Reparations Act, commonly and hereinafter referred to as the "No-Fault Law." See N.Y. Ins. L. §5010 et seq. According to Allstate, that system has been abused by, inter alia, individuals who have staged automobile accidents and health care providers who have billed for unnecessary services. The Cambridge Parties and the Chiropractors are alleged to have participated in this system by engaging in a widespread and highly organized system aimed at submitting fraudulent claims and maximizing fees. It is alleged, inter alia, that the Cambridge Parties have provided falsified and useless

4

diagnostic reports to referring health care providers. Such referrals are alleged to have been made for the sole purpose of generating billing, and without regard to the interests of patients. The Cambridge Parties are also alleged to have entered into prohibited financial arrangements with the Chiropractors, and to have offered to provide diagnostic findings to support unnecessary treatment and billing of the Insurance Company.

Allstate seeks not only recovery of payments made, but also a declaratory judgment that it is not required to make any further payments to third-party defendants. Allstate alleges that it has been defrauded with respect to payments that exceed $1.5 million. It seeks to recover not only a refund of those payments, but also treble damages. The latter class of damages are sought in connection with a claim made pursuant to the federal RICO statute, 18 U.S.C. §1962.

The third-party complaint is set forth in 261 separate paragraphs over 76 pages. It seeks recovery pursuant to sixteen separate causes of action. Among those causes of action are fraud, unjust enrichment, requests for declaratory relief and several separate causes of action alleging a violation of RICO. Additionally, the third-party complaint alleges the violation of Section 238-a of the New York State Public Health Law ("Section 238-a"). Those causes of action are set forth in the eighth and thirteenth causes of action and, as discussed below, are the subject of the Chiropractors' motion to dismiss. Those causes of action are also challenged in the Cambridge Parties' motion to dismiss which raises additional arguments, as described below.

III.  The Motions

The Chiropractors' motion seeks dismissal of those causes of action alleging the violation of Section 238-a. Broadly stated, that section of the New York State Public Health Law prohibits certain financial arrangements and referrals among health care providers. The eighth cause of

action refers to referral made by chiropractors to Cambridge, and the thirteenth refers to chiropractor referrals to Pine Hollow. The Chiropractors and the Cambridge Parties argue that they have not violated Section 238-a, and therefore seek dismissal of the eighth and thirteenth causes of action. The Cambridge Parties also seek dismissal of any claim stemming from the argument that Cambridge is not a properly licensed medical corporation. Additionally, they argue that Allstate is barred from challenging the propriety of its medical reports for failure to make such claim within the thirty day time period set forth in the No-Fault Law. Any such claims are also alleged to be barred by the Rooker-Feldman doctrine and/or ordinary principles of preclusion. Next, the Cambridge Defendants seek dismissal of Allstate's RICO claims on the ground that, to the extent such claims are based upon acts of fraud that occurred more than four years prior to the filing of the third-party complaint, they are time-barred. Finally, the Cambridge Parties, characterizing Allstate's fraud claims as alleging medical malpractice, argue that the claims are time-barred under the statute of limitations found in Section 214-a of New York's CPLR. After discussing applicable legal principles, the court will turn to the merits of the motions.

## DISCUSSION

I. Standards on Motion to Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974, see also Ashcroft v.

6

Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

While heightened factual pleading is not the new order of the day, Twombly holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Twombly, 127 S. Ct. at 1959. In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. A pleading that does nothing more that recite facts and bare legal conclusions is insufficient to "unlock the doors of discovery . . . and only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing the action. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

II. Payment for Medical Services Under the No-Fault Law

The No-Fault Law requires insurers to pay, inter alia, for medically necessary diagnostic tests. See N.Y Ins. Law §§ 5101-109. Patients often assign their rights to receive payment to those that have provided them with health care. State Farm Mut. Auto. Ins. Co. v. Robert Mallela, 794

7

N.Y.S.2d 700, 701 (2005); see 11 NYCRR §65-3.11(a). Those providers then seek payment directly from the patient's insurance company. The No-Fault Law provides that within thirty days of receiving a valid claim for payment, an insurance company must pay or deny the claim in whole or in part. 11 NYCRR 65-3.8(c); see Allstate Ins. Co. v. Ahmed Halima, 2009 WL 750199 *1 (E.D.N.Y. 2009).

Services for which payment is sought must be "necessary for the treatment of the injuries sustained." Id. at § 65-3.16(6). Additionally, providers of services are eligible for reimbursement only if they meet applicable state or local licensing requirements. Id. at 65-3.16(12). In the event that services are rendered by a non-licensed provider, the insurer need not make payment, even if the services were medically necessary and properly rendered. Mallela, 794 N.Y.S.2d at 701.

III. The Chiropractors' Motion: Section 238-a

Section 238-a prohibits certain health care service providers, including chiropractors, from referring the performance of services such as laboratory tests and physical therapy, to those with whom they have financial relationship. See N.Y. Pub. Health L. §238-a(1)(a). Broadly speaking, such financial relationships are thought to taint the health care process, with referrals being driven more by profit than by patient care. In the event that Section 238-a is violated, neither the referring provider nor the provider of the service are entitled to payment from a third-party insurer such as Allstate. N.Y. Pub. Health L. §238-a(1)(b).

Section 238-a contains several safe harbor provisions exempting certain enumerated compensation arrangements from the statute's prohibition. Such provisions are particular in their application. For a financial arrangement to fall within a safe harbor the specific requirements of the statute must met. One such provision allows for referral among health care providers even

though one provider leases office space from another. For that provision to apply, however, there must exist, inter alia, a written agreement providing for a term of at lease one year, and the rental must be in an amount that is consistent with fair market value. See N.Y. Pub. Health L. §238-a(5)(b)(i). Additionally, rental payments may not vary based on the volume or value of any referrals. N.Y. Pub. Health L. §238-a(5)(b)(i).

The Chiropractors concede that there exist both rental and "service" agreements among certain of the third-party defendants. The Chiropractors argue, however, that all such agreements fall squarely within Section 238-a's safe harbor provisions, and that therefore the eighth and thirteenth causes of action must be dismissed for failure to state a claim. The court disagrees.

The third-party complaint is more than sufficient in alleging the existence of compensation arrangements that violate Section 238-a. The particular terms of the parties' agreements, and whether or not those agreements violate the statute present numerous questions of fact that cannot be decided as a matter of law at this stage in the proceedings. These are matters that will be decided, among all of the many complex issues raised herein, at trial. Accordingly, the Chiropractor's motion to dismiss is denied.

IV. The Cambridge Parties' Motion

A. Licensing and Medical Necessity Claims

The Cambridge Parties allege that they have submitted sufficient evidence showing the propriety of their licensing structure and of the medical services rendered. The court has reviewed the documents submitted as well as the complaint and the memoranda of law and concludes that it cannot make the findings requested in the context of this motion to dismiss. Allstate has sufficiently alleged its claims of impropriety and discovery must continue before the veracity of

those claims can be decided. The motion for declaratory relief as to these issues is therefore denied.

### B. Timeliness of Allstate's Fraud Claims Under the No-Fault Law

As noted above, the No-Fault Law provides for a thirty day period in which to pay or deny a properly submitted claim. N.Y. Ins. L. §5106. The Cambridge Parties argue that Allstate's claims challenging the propriety of services rendered on the ground of fraud are barred because they were not raised within the thirty day time frame provided for objection or payment under the No Fault Law. This court disagrees and joins the other courts within this district that have held that the thirty day rule has no application where, as here, an insurer brings an affirmative lawsuit alleging fraud. See State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F. Supp.2d 212, 223-24 (E.D.N.Y. 2009); State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C., 589 F. Supp.2d 221, 229 (E.D.N.Y. 2008); Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C., 555 F. Supp.2d 335, 339-340 (E.D.N.Y. 2008); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 2008 WL 4146190 *6-7 (E.D.N.Y. 2008); State Farm Mut. Auto. Ins. Co. v. Valery Kalika, 2006 WL 6176152 *4 (E.D.N.Y. 2006).

Briefly stated, this court agrees with the holdings in those cases that rely on both the policies of prompt payment of claims as well as the prevention of fraud. As held by those courts, this court agrees that neither policy is furthered by preventing an insurance company from pursuing a claim for fraud where such fraud is not discovered until after expiration of the thirty day period. Accordingly, the court denies the motion to dismiss for failure to comply with the thirty day rule set forth in the No-Fault Law.

C.  Rooker-Feldman and Preclusion Arguments

Characterizing the claims raised by Allstate as previously litigated and decided by the state court, the Cambridge Parties seek dismissal of the third-party claims pursuant to the Rooker-Feldman, doctrine, see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), as well as ordinary principles of preclusion. Neither theory requires dismissal here.

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the Supreme Court discussed the Rooker-Feldman doctrine and noted that lower federal courts had sometimes interpreted the doctrine far beyond the intent of the original cases. Such interpretation was held to have resulted in "overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superceding the ordinary application of preclusion law pursuant to 28 U.S.C. §1738." Exxon, 544 at 283. The Court specifically rejected the Second Circuit's interpretation of the Rooker-Feldman doctrine and held that it was to be limited to those cases commenced by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (rejecting broad interpretation of Rooker-Feldman as set forth by Second Circuit in Moccio v. New York State Office of Court Admin., 95 F.3d 195 (2d Cir. 1996)).

The Second Circuit has set forth a four part test to be applied when determining whether the Rooker-Feldman doctrine deprives a federal district court of subject matter jurisdiction. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Hoblock holds that Rooker-Feldman applies only if four conditions are met:

- the federal-court plaintiff must have lost in state court;

11

- the plaintiff must complain of injuries caused by a state-court judgment;
- the plaintiff must invite district court review and rejection of that judgment, and
- the state-court judgment must have been rendered before the district court proceedings commenced (explaining that Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state court litigation).

Hoblock, 422 F.3d at 85 (citations omitted).

When Rooker-Feldman is analyzed along these narrow lines, it becomes clear that the doctrine has no application to this matter. Most importantly, the Cambridge Parties can point to no judgment that would be affected by any ruling as to the fraud claims herein. Instead, they state, in the most general of terms, that a " portion of [Allstate's] claims may have been litigated and settled or decided . . . ." They then rely on the now-discredited doctrine announced by the Second Circuit in Moccio, arguing that Rooker-Feldman required dismissal of claims that are "inextricably intertwined" with such unspecified judgments.

The failure of the Cambridge Parties to cite either proper law or the judgments alleged to be involved leads this court to conclude that the Rooker-Feldman doctrine cannot be relied upon to bar this action. For similar reasons, the court cannot hold that ordinary state law principles of preclusion bar the present matter. At this stage of the proceedings Allstate's claims do not appear to be an attempt to re-litigate matters already decided by the state court. The motion to dismiss based upon the Rooker-Feldman doctrine and/or ordinary principles of preclusion is denied.

D. RICO Statute of Limitations

RICO claims are governed by a four-year statute of limitations which "begins to run when the plaintiff discovers or should have discovered the RICO injury." In re Merrill Lynch Ltd. P'ships

12

Litig., 154 F.3d 56, 58 (2d Cir.1998); see Allstate Ins. Co. v. Halima, 2009 WL 750199 *6 (E.D.N.Y. 2009). The court cannot hold, in the context of this motion to dismiss, that all of Allstate's RICO claims are time-barred. The motion to dismiss those claims on this statute of limitations ground is therefore denied. Accord Halima, 2009 750199 *6; Grafman, 655 F. Supp.2d at 225-26.

E. Medical Malpractice Statute of Limitations

The Cambridge parties' final argument is that Allstate's claims are, in reality, claims for medical malpractice and are therefore untimely under the two year and six months statute of limitations set forth in Section 214-a of the New York CPLR. Allstate's third party complaint makes clear that it makes no claim for any damage done to any patient. Its claims are for fraud and RICO. The medical malpractice statute of limitations does not apply, and the motion to dismiss based upon this ground is therefore denied.

CONCLUSION

For the foregoing reasons, the motions of the third-party defendants to dismiss are denied. The Clerk of the Court is directed to terminate the motions docketed as entries 48 and 56 in this matter. The parties shall continue with discovery.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
October /6 2012